Shall issue with the clerk, please call the next case. Counsel, may proceed.  Jonathan Smutek on behalf of the appellant, respondent Palmer House Hill. As this court has already determined that it has jurisdiction over Palmer House's appeal and denying the petitioner's motion to dismiss, I believe there are two issues remaining for this court. First is whether the trial court that entered into the underlying May 4, 2016 order from which this appeal filed had the jurisdiction to do so. And whether the circuit court's August 13, 2015 order, which was the subject of respondent's motion to strut, was outside the scope of this court's December 23, 2013 remand. Counsel, I read your argument that we somehow told the circuit court what it had to do when the case came back on remand. Is that what you're saying? What I'm saying is that... I wrote that decision. It doesn't say a word about that. Not a word. There was no direction whatsoever in that decision to the circuit court. There was a direction to the commission... That's correct. ...to reevaluate the evidence on both an odd lot and a medical basis because we sent it back because they decided on only one but not the other. And they did exactly what we told them to do. And the circuit court, well, you then appealed to the circuit court. That's correct. And what did the circuit court do? They reversed the commission's decision. And reinstated the arbitrator's decision. That's correct. Right. And you appealed that order, didn't you? We initially did appeal that order, yes. Why'd you dismiss the appeal? Well, there was a conclusion after a second order was issued by the circuit court. Yeah, but you dismissed the original appeal. That's correct, yes. And then, for some reason, why the original appeal was pending, the circuit court thought it had the authority to amend its order, didn't they? Apparently, yes. And the circuit court has no authority to do anything once a notice of appeal is filed, does it? No, they've lost jurisdiction. So, in other words, the September 22nd order of Judge Shapiro was void for wanted jurisdiction. Yes, that's correct. And on September 29th of 2015, you moved voluntarily to dismiss your appeal from the August 13th, 2015 order, didn't you? That's correct. And we granted your motion on October the 15th. On October the 8th, your opponent went back into court and said that the order rendered by the circuit court on September 22nd was void because it had no jurisdiction during the pendency of this appeal. And, ultimately, Judge Ponce de Leon granted that motion, vacated the September 22nd order. And November 24th, two months later, you file a motion in this court requesting that we vacate our October 5th order. Where would we ever get jurisdiction to do that? More than 21 days had passed since the entry of the order on September the 29th. Where would we get jurisdiction to do that? Well, obviously, you did not have jurisdiction to do that. Obviously, we didn't because we dismissed it for wanted jurisdiction. That's correct. And December 30th, you file a motion in this court for me to file a late notice of appeal. Well, that late notice of appeal under 303D would have had to have been filed within 30 days after the expiration of the date for filing of a notice of appeal. That's correct. And your December 30th motion was outside that date, wasn't it? That's correct. So we denied it. You went to the Supreme Court seeking to supervise your order. They denied that. And on March the 8th, you file a motion in the circuit court asking the court to vacate the order of April the 13th and reinstate the original order arguing that the circuit court's order of August 13th was void for lack of jurisdiction as it exceeded the scope of our remand. That's correct, yes. There's nothing in that order telling the circuit court what to do. Well, there was a remand at the commission level. And the commission did what they were told to do. Right. Now, the question, I believe, becomes what legal effect does the remand have on review of that commission's decision on remand? What? That doesn't make any sense. The only thing the circuit court was required to do when you appealed the decision on remand was determine whether it was or was not against the manifest weight of the evidence. Correct. And what? And Judge Shapiro said it was and reinstated the arbitrator's decision. That's correct. And I believe that by reinstating the arbitrator's decision, it goes beyond the scope of the remand. Why? On remand, the only decision that the circuit court was reviewing was whether the commission or the commission's decision on remand. Yes. Was that part and parcel? We do it all the time. Part and parcel of it. The commission's decision and reinstate the arbitrator's decision. What distinguishes this case is that there was a remand order. If the arbitrator made a decision, the commission made their decision, and the circuit court had the case, of course, the case law suggests that they can set aside the commission's decision and reinstate the arbitrator's decision. The distinguishing factor in this case is that it was sent back to the commission on remand. And at that point, what the circuit court is reviewing is the commission's decision on remand. This case is a long and somewhat convoluted history. I'm trying to pin down what you're doing here today. As I understand it, your argument here is that the circuit court lacked subject matter jurisdiction to enter its order of August 13, 2015. Is that the essence of your position? Yes. Subject matter. You're not questioning jurisdiction over the parties, right? No. Right. Okay. So you're saying that the circuit court lacked subject matter jurisdiction to enter the order of August 13, 2015. And why is that again? Because it exceeded the scope of this court's remand order on December 13, 2015. The circuit court did not, counsel. You made that argument. It's totally specious. There is nothing in that order that constrains the power of the circuit court. Nothing would ever. It told the commission what to do. You know, I went through this litany for a reason. I think you're coming dangerously close to filing pleadings and appeals that are not well-grounded in law and maybe being interposed for an improper purpose. You do know the consequences of that, don't you? Yes, Your Honor. So I want to understand why the circuit court lacked subject matter jurisdiction. You tell me that. Our position is that on remand, the circuit court was reviewing the commission's decision. That was the only decision made according to this court's remand. That was the only decision that was made. Counsel, what was the circuit court reviewing when it reviewed the case the first time it went to the commission? It was reviewing all of the evidence on record at the commission. Well, then it would have had to review the same evidence on the remand, wouldn't it, on the question of permanent vote? That's correct. Okay. And as Petitioner characterizes this, the commission's second decision in this brief has a new decision. It's a new decision for Section 19F, or a new review for Section 19F. And I would agree in the sense that it's the first time that the circuit court is reviewing the commission's decision in accordance with this court's remand. So maybe you're refining your position, and this is a long, laborious way of getting to it. Obviously, the circuit court you're conceding on the record had the authority to review the commission's decision. You've acknowledged that, correct? Yes. Your problem is that it also then reinstated the arbitrator's award, and that was improper? Is that your position? That's our position, that it said it should remand the matter back to the commission. Have you read the Burrell v. Industrial Commission and also the Quick v. Industrial Commission cases that says specifically the circuit court, when it sets aside a decision of the commission, it may reinstate the arbitrator's award? Have you read those cases? Yes, I have read those cases. Okay. Well, then how does your position jive with those cases? I believe that the distinguishing factor is the fact that this is remanded back to the commission. What should the circuit court have done if it found that the commission's decision was against the manifest way? What should it have done? Well, they would have to interpret from the court's remand order what further proceedings should follow from that decision. No, he's asking if he sets aside the commission's decision, what then is it supposed to do? The case hangs in limbo? There is no decision that would happen? It should have remanded the matter back to the commission with instructions or determining what further proceedings should follow from that. I don't think that's required under the case law, but I think we understand your position. I think 19F2 says that the circuit court has the power to confirm or set aside the decision of the commission. If the decision is set aside and facts found in the proceedings before the commission are sufficient, the court may enter such decision as is justified by law or may remand the cause to the commission for further proceedings. Yes. Under normal circumstances, I would absolutely agree that it would set aside the commission's decision and reinstate the arbitrary decision. Our position simply is that the remand distinguishes this case and that if the commission, as it did in the circuit court in this case, found that the commission's decision was against the manifest way of the evidence, it should remand the matter back to the commission. Well, you exceeded. Did the order that remanded the case to the circuit court that we say you can only review the commissional decision and under no circumstances can you reinstate the arbitrator's award, did we say that? The remand did not specifically say that, no. How did it exceed its jurisdiction then? Because our position is that it reinstated a decision that was not subject to this court's remand order. We don't review the arbitrator's decision. We review the commission's decisions. Correct. Thank you, counsel. Counsel, you may respond. Your Honor, may I please record Kyle Katzenberg for the petitioner, Lee. Can you tell us concisely why his position is not correct without going through a long argument? Yeah, I can try. I think the question, as this Court has pointed out, is whether or not the circuit court had jurisdiction to enter that May 13th order, and it absolutely did. It had subject matter jurisdiction conferred upon it by Section 19F of the Act. I think that's clear. But what about his subtle point? He refined it to say, well, okay, I admit, obviously, there's no jurisdiction to review the commission's decision. Otherwise, it would have been, there's no reason for it to be before the circuit court. But he says, well, yeah, but you can't reinstate the arbitrator's decision. So what do you make of that? Well, if I understand the argument, I'm not sure I do. Number one, we have a quid pro quo. We have morale that says absolutely you can't always reinstate the arbitrator's decision, that the arbitrator's decision is not without any legal effect. And the reviewing court, both the circuit court and the appellate court, and in the case of, I believe it was Quick, the Supreme Court, says any of those reviewing  It's implicit in the circuit court's authority, right? Yes. Any of those courts can reinstate the arbitrator's award if we're setting aside or reversing the commission's decision. And I think that's a principle that just makes sense. If you're setting the commission's decision against the manifest way of the evidence and it's going to be reversed, there's nothing for the commission to do on the amended So you're asking us to affirm the decision of the circuit court, correct? Deny the motion to strike as void absolutely. Right. Thank you, counsel. Counsel, you may reply. No. Okay. Very good. Thank you, counsel, for your arguments in this matter. If you take no advisement and written disposition shall issue, the court will stand in very brief recess. Thank you. Thank you. Thank you.